UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-010 PS |
| | ) | |
| CARRASCO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Eric Smith, by counsel, filed a notice of appeal (DE 151) regarding the Court's January 24, 2008, order granting the defendants' summary judgment motion without either paying the $455.00 fee or filing a petition to proceed *in forma pauperis*. Even if he had filed an *in forma pauperis* petition, however, the Court could not have granted it. Mr. Smith may not proceed *in forma pauperis* on appeal because he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

The Court's records show that the disposition of at least three cases filed by Mr. Smith qualify as "strikes" within the meaning of § 1915(g):

(1) *Smith v. O'Bannon*, 3:03-CV-657, dismissed for failure to state a claim on December 3, 2003;

(2) *Smith v. State of Indiana*, 3:04-CV-011, dismissed for failure to state a claim on June 10, 2004; and

(3) *Smith v. Wilson*, 3:07cv500, dismissed for failure to state a claim on October 17, 2007.

A prisoner with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In this action, Mr. Smith's sole complaint is that the prison's confiscation of his anarchist materials violated his constitutional rights under the First Amendment. The prison's actions do not bring Mr. Smith within the "imminent danger" exception to the three strikes rule. Accordingly, to proceed with this appeal, 28 U.S.C. § 1915(g) mandates that Mr. Smith pay the full amount of the filing fee in advance.

Additionally, Mr. Smith, *pro se*, filed a motion (DE 155) for relief from judgment under Fed. R. Civ. P. 60. Because the motion was filed more than ten (10) days after the Court granted summary judgment, the Court lacks jurisdiction to reopen this case. *See Kusay v. United States*, 62 F.3d 192, 195 (7th Cir. 1995).

Therefore, the Court:

(1) **DENIES** Eric D. Smith leave to proceed *in forma pauperis* on appeal;

(2) **GRANTS** Eric D. Smith to and including March 27, 2008, to pay the $ 455.00 filing fee; and

(3) **DENIES** Eric D. Smith's motion (DE 155) for lack of jurisdiction.

**SO ORDERED**.

**ENTERED**: March 13, 2008.

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT